[879 NYS2d 498]

In the Matter of J. BENNETT FARRELL (Admitted as JOHN BEN-
NETT FARRELL), a Suspended Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Peti-
tioner.

Second Department, May 5, 2009

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*J. Bennett Farrell,* Brant Lake, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with an order to show cause dated December 31, 2008 seeking authorization to serve a supplemental petition of charges containing six additional charges of professional misconduct. The additional charges include converting funds entrusted to him as an escrow agent, failing to release funds to a client and/or third party upon demand, tendering a bogus check to a client as and for a partial repayment of money the respondent converted from the client's escrow, and failing to cooperate with the Grievance Committee. Although served with that order to show cause, the respondent has not submitted any response. Instead, the respondent has submitted an affidavit of resignation dated December 31, 2008.

The respondent avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission. He acknowledges his inability to successfully defend himself on the merits against the charges contained in the December 3, 2007 petition.

The respondent is aware that pursuant to Judiciary Law § 90 (6-a), to the extent that any funds he is holding in a fiduciary capacity for any third parties may be unaccounted for, the Court could, in any order permitting him to resign, require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as

a civil judgment. He specifically waives the opportunity afforded by Judiciary Law § 90 (4-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation in the interests of preserving the time and resources of both the Court and the Grievance Committee. In furtherance of that recommendation, the Grievance Committee consents to withdraw its order to show cause to supplement the petition in the interests of justice.

Inasmuch as the respondent's resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys. The disciplinary proceeding authorized against this respondent is discontinued in light of his resignation and the Special Referee is relieved of his assignment.

MASTRO, J.P, RIVERA, SPOLZINO, SKELOS and ENG, JJ., concur.

Ordered that the resignation of J. Bennett Farrell, admitted as John Bennett Farrell, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, J. Bennett Farrell, admitted as John Bennett Farrell, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that J. Bennett Farrell, admitted as John Bennett Farrell, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, J. Bennett Farrell, admitted as John Bennett Farrell, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated February 20, 2008 is discontinued and Steven C. Krane is relieved as Special Referee.